# J. G. PRATT
## v.
## JOHN MORRIS.

*Sales—Balance Due—Recovery of—Inferior Quality of Goods—Inspection of.*

In view of the evidence this court affirms the judgment for the plaintiff in an action brought to recover a balance alleged to be due upon a sale of lumber.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Marion County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. CASEY & DWIGHT, and GREEN & GILBERT, for appellant.

Mr. W. F. BUNDY, for appellee.

GREEN, J. This was a suit brought by appellee against appellant to recover a balance claimed to be due the former for

lumber by him sold and delivered to the latter. The trial resulted in a verdict and judgment for plaintiff for $86.60 and costs, and defendant took this appeal.

The contract, as shown by the correspondence between the parties, provided for the delivery of first and second clear oak lumber, Chicago inspection, at the price of $24 per thousand feet. There was no controversy on the trial as to quantity delivered, or as to the price, if the lumber was of the grade mentioned. But the defendant insisted the lumber was of inferior grade.

The parties evidently intended the defendant should have the inspection made by an authorized official, but he procured it to be made by an inspector in the employ of the purchasers, Heintz & Co. It was shipped to Pratt at Chicago, February 16, 1889, but was not inspected until April 3d. It was also shown by one of defendant's witnesses that "Chicago inspection of lumber," meant inspection as required by the rules of the Chicago Lumberman's Exchange. The evidence was conflicting; witnesses Morris and Owens, for plaintiff, testified the lumber shipped to, and which Pratt received, was first and second clear oak, Chicago inspection, under said rules, which they testified they were acquainted with, and they and other witnesses for plaintiff described minutely the sizes, quality and condition of said lumber when shipped. On the other hand, the said inspector and other witnesses for defendant denied that the lumber graded first and second clear, but testified it consisted of common culls, etc., and they also described the lumber, as they claimed it appeared to them.

If the jury believed the testimony of plaintiff's witnesses in preference to that of defendant's, they had the right to do so, and were warranted in finding the lumber was of the grade and kind contracted to be delivered, and the damages assessed were not excessive. The instruction complained of as given for plaintiff, did no injury to defendant; the price fixed by the contract was $24 per thousand, and it is quite evident the jury allowed no larger price and gave defendant credit for all the money he paid plaintiff, and paid for freight.

Perceiving no error requiring the reversal of the judgment, it is affirmed.                    *Judgment affirmed.*